**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4735**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

LESLIE MCCLURE BYERS,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:18-cr-00036-MR-DLH-1)

Submitted:  September 23, 2019            Decided:  October 8, 2019

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie McClure Byers appeals the 68-month sentence imposed by the district court after she pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). She contends that the district court erred in applying a two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance, *see* U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2016), and that her sentence is substantively unreasonable. We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We presume that a sentence imposed within a properly calculated Sentencing Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id*.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). Under the clear error standard, we may not reverse a district court's findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir.

2

2019). Instead, we may only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

The Guidelines provide for a two-level increase in the defendant's offense level if the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). Byers acknowledges that application note 17 to USSG § 2D1.1(b)(12) provides that "manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." She contends, nevertheless, that note 17 conflicts with the plain language of USSG § 2D1.1(b)(12), which, according to her, requires that a premises be used solely for the purpose of distributing drugs in order for the enhancement to apply. We, however, see no conflict, and ample case law establishes that drug distribution need only be one primary purpose of the premises to qualify for the enhancement. *See United States v. Murphy*, 901 F.3d 1185, 1190 (10th Cir. 2018); *United States v. George*, 872 F.3d 1197, 1205 (11th Cir. 2017); *United States v. Jones*, 778 F.3d 375, 384-85 (1st Cir. 2015); *United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014); *United States v. Sanchez*, 710 F.3d 724, 729 (7th Cir.), *vacated on other grounds*, 571 U.S. 801 (2013); *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012); *see also Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

We further conclude that the district court did not clearly err in finding that the enhancement applied to the facts of Byers' case. The evidence showed that Byers hid the drugs at her house, sold the drugs from her house, and directed her daughter, who lived in the same house, to sell the drugs in one transaction at the house when Byers was not there. Under these circumstances, we see no clear error. *See Charboneau*, 914 F.3d at 912.

Byers next contends that her sentence is substantively unreasonable and that the district court should have sentenced her to 60 months in light of the Government's view that a Guidelines sentence, including 60 months, was adequate and in light of her poor health. We conclude, however, that Byers' within-Guidelines sentence is presumptively reasonable. The court specifically noted that it had elected to impose a sentence at the high end rather than the low end of the Guidelines range in light of the seriousness of Byers' offenses and the nature of her involvement in the offenses. Byers fails to rebut the presumption afforded her within-Guidelines sentence. *Louthian*, 756 F.3d at 306.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*